**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGPING HU, | No. 08-72663 |
| Petitioner, | Agency No. A075-644-756 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2013
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and BELL, District Judge.[**]

Yongping Hu petitions for review of the Board of Immigration Appeals'

(BIA) denial of his motion to reconsider its denial of his application for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

8 C.F.R. § 208.18.  We grant the petition for review and remand to the BIA for reconsideration.

The BIA erred by requiring Hu to identify the "specific actions" the Chinese Government was likely to take against him, even though he provided credible evidence that police officers threatened "serious punishment" if he returned to China without disavowing his religion, which the Chinese Government calls "Shouter Christianity."   An asylum applicant who has not demonstrated past persecution must show that he has a "well-founded fear" of future persecution. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).  To meet this burden, Hu had to adduce "credible, direct, and specific evidence that [he] faced an individualized risk of persecution . . ." *Lolong v. Gonzalez*, 484 F.3d 1173 (9th Cir. 2007) (en banc).

Here, Hu's failure to specify how the Chinese government would carry out its threat of "serious punishment" does not diminish the existence of the threatened punishment. The BIA "recognize[d]" that the Country Report "showed that the Chinese Government wants to close the Shouters' Christian Church" and that a web article Hu submitted "states that Shouter Christians are persecuted in China," but rejected Hu's claim on the ground that the evidence "did not contain any specific actions that the Chinese Government engages in."  However, the Country

2

Report goes on to indicate that Shouter Christianity adherents are subject to arrests, five to fifteen days of administrative detention, and fines because their religion is deemed an "illegal cult." The record also contains evidence that police had visited Hu's home in China, found and confiscated two Shouter Christian books he had sent to his wife, detained and beat her, and informed her that Hu belonged to an illegal group. It was legal error for the BIA to hold Hu to the burden of demonstrating the specific means the Chinese government had in mind for inflicting "serious punishment" on him.

Nor is the record clear that the BIA actually considered Hu's affidavit, his wife's letter, and letters from his pastors, suggesting that Hu would likely suffer persecution if he returned to China. It may have excluded this evidence on the ground that it was not "objective." However, Hu's burden was to demonstrate that his fear is "objectively reasonable," a requirement that may be met by the applicant's own testimony and letters that demonstrate that objective factual circumstances corroborate his subjective fear. There is no objectivity requirement for the *evidence* applicants may put forward to make this showing. *See Cardoza-Fonseca v. I.N.S.*, 767 F.2d 1448, 1454 (9th Cir. 1985) ("Applicants must point to specific, objective facts that support an inference of past persecution or risk of future persecution. That the objective facts are established through the credible

3

and persuasive testimony of the applicant does not make those facts less objective."), *aff'd by I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421 (1987). At argument, the government conceded that if the BIA excluded this evidence from its analysis of whether Hu's fear is objectively reasonable, that would also constitute legal error. On remand, the BIA should consider all "credible, direct, and specific evidence in the record" in assessing whether Hu's fear was objectively well-founded. *Kaiser v. Ashcroft*, 390 F.3d 654, 658 (9th Cir. 2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**